```
 1                    UNITED STATES DISTRICT COURT
                       DISTRICT OF MASSACHUSETTS
 2

 3    UNITED STATES OF AMERICA,        )
                                       )
 4                    Plaintiff        )
                                       ) No. 1:21-cr-10208-NMG-9
 5    vs.                              )
                                       )
 6    EDISON KLOTZ,                    )
                                       )
 7                    Defendant.       )
                                       )
 8                                     )
                                       )
 9

10

11           BEFORE THE HONORABLE NATHANIEL M. GORTON
                  UNITED STATES DISTRICT JUDGE
12                         SENTENCING

13

14

15        John Joseph Moakley United States Courthouse
                        Courtroom No. 4
16                    One Courthouse Way
                  Boston, Massachusetts 02210
17

18                    September 16, 2024
                          11:00 a.m.
19

20

21             Kristin M. Kelley, RPR, CRR
                   Official Court Reporter
22        John Joseph Moakley United States Courthouse
                One Courthouse Way, Room 3209
23               Boston, Massachusetts 02210
                  E-mail: kmob929@gmail.com
24
          Mechanical Steno - Computer-Aided Transcript
25
```

```
 1   APPEARANCES:
 2
 3        Alathea E. Porter
 4        United States Attorney's Office MA
 5        1 Courthouse Way
 6        Suite 9200
 7        Boston, MA 02210
 8        617-748-3318
 9        alathea.porter@usdoj.gov
10        for Plaintiff.
11
12
13        Paul J. Garrity
14        14 Londonderry Road
15        Londonderry, NH 03053
16        603-434-4106
17        garritylaw@myfairpoint.net
18        for Defendant.
19
20
21
22
23
24
25
```

```
                1                P R O C E E D I N G S
                2          THE CLERK:  All rise.
                3          (The Honorable Court entered.)
                4          THE CLERK:  Thank you.  You may be seated.  This is
       11:00    5   Criminal Action No. 21-10208, United States of America versus
                6   Edison Klotz.
                7          Would counsel please introduce themselves for the
                8   record.
                9          MS. PORTER:  Good morning, your Honor.  Alathea Porter
       11:00   10   on behalf of the United States.
               11          THE COURT:  Good morning, Miss Porter.
               12          MR. GARRITY:  Your Honor, good afternoon.  Good
               13   morning.  I'm sorry.  Paul Garrity on behalf Mr. Klotz.
               14          THE COURT:  Mr. Garrity, Mr. Klotz.
       11:00   15          We have Miss Patten from Probation as well as
               16   Miss Edgar, is that correct?
               17          PROBATION:  Yes, your Honor.
               18          THE COURT:  Good morning to you.
               19          We're here on the sentencing of Mr. Edison Klotz.  I
       11:01   20   have received and read the presentence report, the government's
               21   Sentencing Memorandum, the defendant's Sentencing Memorandum,
               22   which was just received late Friday afternoon.  It does include
               23   a letter concerning the defendant's participation in
               24   Restorative Justice, which I've also read.
       11:01   25          Those are all of the writings that I've received.  Is
```

|        |    |                                                                              |
|--------|----|------------------------------------------------------------------------------|
|        |  1 | there anything I haven't mentioned that I should have received?              |
|        |  2 | Miss Porter?                                                                 |
|        |  3 | MS. PORTER:  No, your Honor.                                                 |
|        |  4 | THE COURT:  Mr. Garrity?                                                     |
| 11:01  |  5 | MR. GARRITY:  No, your Honor.                                                |
|        |  6 | THE COURT:  As I understand it, there were no                                |
|        |  7 | objections interposed to the presentence report, is that                     |
|        |  8 | correct, Mr. Garrity?                                                        |
|        |  9 | MR. GARRITY:  That's correct, although there's the                           |
| 11:01  | 10 | reference in the Sentencing Memo.                                            |
|        | 11 | THE COURT:  Yes.  There are some matters in the                              |
|        | 12 | Sentencing Memorandum, but they are not objections to the                    |
|        | 13 | presentence report.                                                          |
|        | 14 | MR. GARRITY:  That's correct, your Honor.                                    |
| 11:02  | 15 | THE COURT:  Miss Porter?                                                     |
|        | 16 | MS. PORTER:  That's correct, your Honor.                                     |
|        | 17 | THE COURT:  Then I do need to first establish the                            |
|        | 18 | guidelines in this case.  Recommendations in that regard are                 |
|        | 19 | made for me in the presentence report starting at page 10,                   |
| 11:02  | 20 | wherein I'm advised that the most recent manual, that is the                 |
|        | 21 | 2023 manual, applies.                                                        |
|        | 22 | Within that manual, we're dealing with the drug                              |
|        | 23 | trafficking guideline, that is 2D1.1, with respect to the                    |
|        | 24 | distribution of and possession with intent to distribute                     |
| 11:02  | 25 | methamphetamine.  Because the defendant is held accountable for              |

|        |    |                                                                      |
|--------|----|----------------------------------------------------------------------|
|        | 1  | 108.7 grams of pure methamphetamine, guideline subsection            |
|        | 2  | (c)(5) of the same guideline applies and calls for a base            |
|        | 3  | offense level of 30.                                                 |
|        | 4  | Do counsel agree with that recommendation?                           |
| 11:02  | 5  | Miss Porter?                                                         |
|        | 6  | MS. PORTER:  Yes, your Honor.                                        |
|        | 7  | THE COURT:  Mr. Garrity?                                             |
|        | 8  | MR. GARRITY:  Yes, your Honor.                                       |
|        | 9  | THE COURT:  The Court so finds.                                      |
| 11:03  | 10 | The defendant is entitled to a safety valve downward                 |
|        | 11 | adjustment under guideline Section 5C1.2.  That's a two-level        |
|        | 12 | downward adjustment.  And also, because he was a minimal             |
|        | 13 | participant under guideline 3B1.2(a), he engaged in only one         |
|        | 14 | drug transaction which involved a large quantity of pure meth,       |
| 11:03  | 15 | but he was not involved in the planning or organizing or             |
|        | 16 | decision-making.  Therefore, he does get a minimal role              |
|        | 17 | adjustment downward four levels.  That leaves an adjusted            |
|        | 18 | offense level of 24.  Because he accepted responsibility, he         |
|        | 19 | gets three more downward adjustments.  So he ends up with a          |
| 11:03  | 20 | total offense level of 21.                                           |
|        | 21 | Do counsel agree with all of those calculations?                     |
|        | 22 | Miss Porter?                                                         |
|        | 23 | MS. PORTER:  Yes, your Honor.                                        |
|        | 24 | THE COURT:  Mr. Garrity?                                             |
| 11:04  | 25 | MR. GARRITY:  Yes, your Honor.                                       |

```
 1              THE COURT:  The Court so finds.
 2              Turning to the defendant's criminal history, he had 17
 3    criminal convictions, only five of which are scored because of
 4    the age of the other 12, but there are five scored convictions:
 5    Starting in 2010, operating under the influence; 2015, a
 6    breaking and entering and assault and battery on a police
 7    officer; 2015, again, trespass, assault and battery on a police
 8    officer; 2016, a stolen motor vehicle and resisting arrest;
 9    finally, in 2018, operating a motor vehicle with a license
10    suspended.  So he gets five criminal history points and falls
11    in Criminal History V.
12              Do counsel agree with those calculations?
13    Miss Porter?
14              MS. PORTER:  I believe he falls in III, your Honor.
15              THE COURT:  I'm sorry if I misspoke.  I meant Criminal
16    History III.
17              MS. PORTER:  Yes, your Honor.  I agree.
18              MR. GARRITY:  Yes, your Honor.
19              THE COURT:  The Court so finds.
20              That means at total offense Level 21, Criminal History
21    Category III, the guideline sentencing range is 46 to
22    57 months.
23              Do counsel agree with that calculation?
24              MS. PORTER:  Yes, your Honor.
25              MR. GARRITY:  Yes, your Honor.
```

1          THE COURT: So I'll hear recommendations for
2   sentencing, starting with the government, Miss Porter.
3          MS. PORTER: Thank you, your Honor.
4          As set forth in detail in the government's Sentencing
11:05  5   Memorandum, the government is recommending a sentence of
6   46 months of incarceration, 3 years of supervised release and
7   mandatory Special Assessment of $200.
8          That is the appropriate sentence in this case, your
9   Honor. This is one of those circumstances in which the
11:05 10   guidelines accurately have reflected the defendant's role in
11   the offense and the seriousness of the offense and all of the
12   other factors that the Court should consider.
13          I say that primarily because of the minimal role
14   adjustment that the defendant has received. I think that that
11:06 15   is appropriate here, your Honor, because of the defendant's
16   role in this particular case in this particular drug
17   trafficking organization. He appeared once for one delivery of
18   about 108 grams of methamphetamine to a cooperating witness.
19   He did not negotiate or arrange that transaction. He did so on
11:06 20   behalf of co-defendant James Holyoke and at the direction of
21   James Holyoke. He did not appear otherwise throughout the
22   investigation. So his participation in this conspiracy was
23   minimal. So that four-level adjustment is a significant
24   adjustment downward to account for his role in the offense.
11:06 25          The defendant also has a lengthy, if not significant,

1  criminal history, your Honor, which I think reflects that he
2  himself is an addict who suffers from strong addiction, in this
3  case, also methamphetamine.
4       As this Court is well aware, and as the government
5  cited to numerous statistics in its Sentencing Memorandum,
6  methamphetamine is a horrific and dangerous and deadly drug.
7  Unlike Fentanyl, which has the tendency to kill people fairly
8  quickly, methamphetamine destroys the lives of the people who
9  use it and the lives of all of those around it.
10      The defendant, unfortunately, is well aware of this
11 himself because he suffers from methamphetamine addiction.
12 Indeed, during his time on release prior to pleading guilty in
13 this case, he continued to struggle with that addiction.  His
14 criminal history, I believe, your Honor, reflects that of an
15 addict, multiple offenses but minor offenses that are all kind
16 of tied back to his addiction and his struggles in that regard.
17      That also reflects the seriousness of this offense
18 that he participated in and the havoc it wreaked across our
19 community and continues to.  That is a very serious offense
20 that warrants a very serious sentence to send the appropriate
21 message, both to deter this defendant and deter others not to
22 engage in this conduct.  A sentence well below the guidelines
23 would not adequately affect the seriousness of this offense.
24 That is the reason for the government's recommendation, your
25 Honor.

```
                1              I will just say that defense counsel filed a
                2   Sentencing Memorandum under seal.  The government has reviewed
                3   that Sentencing Memorandum.  The details that are set forth in
                4   that memorandum are accurate to the best of the government's
        11:08  5   knowledge.
                6              Thank you, your Honor.
                7              THE COURT:  All right.  Thank you, Miss Porter.
                8              Mr. Garrity?
                9              MR. GARRITY:  Your Honor, the probation report goes
        11:08 10   into detail about Mr. Klotz's background.  It's no excuse,
               11   Judge, for why he engaged in this conduct but I think gives the
               12   Court an idea of the path he was on starting from a young age
               13   what led him to commit this act.  His upbringing was, as I
               14   argued in my Sentencing Memorandum, tumultuous, to say the
        11:09 15   least.
               16              I'm sure the Court hears this frequently.  I make
               17   these arguments frequently.  I deal with a number of defendants
               18   who have bad backgrounds.  Edison's, from my review of it, was
               19   one of the worst that I've seen recently.  He had biological
        11:09 20   parents that were with him but abusive, physically and
               21   emotionally.  He also was dealing with significant mental
               22   health issues from a young age, bounced around from household
               23   to household, abused by a significant other of his mother,
               24   placed in a foster home by his own biological father when he
        11:09 25   was 12.  The foster home appears to be the most stable and
```

         1   beneficial household he was in but he was only in it for a few
         2   years.
         3           Then he went back to live with his father, and that
         4   period of time that living situation didn't last long and his
11:10    5   father again engaged in physical abuse of Edison that led to
         6   what he said was a mental breakdown or nervous breakdown.  He
         7   dropped out of high school.  He began to abuse drugs.  He had
         8   already started to drink alcohol at the age of 12, but drugs
         9   enter the picture when he left high school.
11:10   10           When he left high school, he didn't have the mental
        11   health treatment that he had previously.  He met his former
        12   wife who introduced him to meth.  He was able to, when they
        13   divorced, he was able to break out of the meth cycle for a
        14   period of time, but then he was diagnosed with HIV.
11:10   15           His mother died in 2012 and he went right back into it
        16   and began using meth on a daily basis.  And it really jacked
        17   up, Judge, when he met James Holyoke in 2019, and that's when
        18   he began to inject meth.
        19           None of this is an excuse, Judge, for why he engaged
11:11   20   in this conduct, but I think it gives the Court an idea as to
        21   what led him to engage in it.  As the government said, he was a
        22   one time participant.  He didn't plan that transaction.  He
        23   didn't benefit from it in any way.  In fact, my review of the
        24   discovery, and I think it's laid out in the PSR, the seller of
11:11   25   the drugs -- there was a missing $700 in the transaction.

```
 1      Edison, due to the fact he wasn't really engaged in the
 2      finances of the deal, wasn't aware and he never went back to
 3      retrieve the additional $700.  I think that was done by
 4      Mr. Holyoke.  So he was just a courier on behalf of
 5      Mr. Holyoke, who he was in a relationship with.
 6              I think the situation of Mr. Klotz is somewhat
 7      reflected in the guidelines.  It's not an objection I filed,
 8      Judge.  It's not referenced in the Sentencing Memo, but I
 9      believe 2D17 talks about someone similarly situated to
10      Mr. Klotz who's a minimal participant, who engaged in the
11      conduct for an intimate relationship, and that's what was going
12      on between him and Mr. Holyoke.  He didn't benefit financially
13      from it.
14              And then there's another component of 2D17 that calls
15      for a two-level reduction.  I'm not pushing that.  I'm just
16      saying that's somewhat his role and why a variance is called
17      for here and is reflected to some extent by the guidelines
18      themselves in this sort of situation.
19              He has made efforts since his arrest to better himself
20      and to engage in other efforts that I've laid out in my
21      memorandum.  That's why I filed it under seal, Judge.  He's
22      ongoingly trying to benefit the public, again as laid out in
23      the memo.  He's never before done more than 90 days in jail.
24      He certainly deserves to be punished, jail, but it is the
25      recommendation of the government is what's called for in this
```

         1  situation given his background, given his role in the offense,
         2  and given his efforts to better himself and the public.
         3         And there is this disparity between pure and mix.  I
         4  think the United States Sentencing Commission is concerned
11:14    5  enough about it that they propagated this report back in June
         6  of this year.  From my review of the report, it doesn't really
         7  give any recommendations in terms of how to deal with it, but
         8  it's an issue, Judge.  Most meth now, as I'm sure the Court
         9  knows, is extremely pure.  Couriers like Mr. Klotz, unlike in
11:14   10  the past, are now dealing in pure meth.  Should they be
        11  sentenced based on the pure purity of the drug or should they
        12  be sentenced equally across the board in terms of mixture
        13  versus purity?  Purity's really not a determining factor in
        14  terms of, I would submit, seriousness of the offense because it
11:15   15  is all pure now.  So I would ask the Court to take that into
        16  account in fashioning an appropriate sentence.
        17         I would submit that the sentence I put forward and
        18  asked for takes into account all of the factors.  It calls for
        19  Mr. Klotz to do additional prison time.  It calls for him to
11:15   20  obviously do supervised release, if and when he is released.
        21  It calls for him to have home detention as part of supervised
        22  release.  It also calls for treatment, mental health wise and
        23  substance abuse wise, to address the underlining issues that
        24  called for him to engage in the conduct.
11:15   25         But given his role in this offense, Judge, the one

```
         1   time courier who doesn't benefit financially at all, who
         2   doesn't engage in the planning, is a sentence of more than
         3   40 months warranted in this situation?  I don't discount
         4   whatsoever the danger that meth poses to the community but
11:16    5   Edison, given his circumstances, doesn't deserve, I would argue
         6   to the Court, a sentence of close to 4 years.  It just seems
         7   excessive to some extent and I would ask the Court to consider
         8   a sentence that takes into all of the factors and impose a
         9   sentence that I've asked for or close to it, Judge.
11:16   10             THE COURT:  Thank you, Mr. Garrity.
        11             Does the defendant wish to address the Court before
        12   sentence is imposed?
        13             MR. GARRITY:  He does, your Honor.
        14             THE COURT:  He may do so.
11:16   15             THE DEFENDANT:  Thank you.
        16             Your Honor, I want to express my sincere apology to
        17   the community and to my family, as well as anyone effected by
        18   my actions.  I blame no one but myself for my actions and I
        19   accept full responsibility.  I want you to understand I am
11:17   20   deeply disappointed in myself for my behavior and my decisions.
        21             Since my arrest my desperation introduced me to a path
        22   of recovery through a 12 step fellowship program, NA, AA, CMA,
        23   and along with mental health treatment.  I have successfully
        24   completed a residential recovery program called Stepping Stone,
11:17   25   and having been sober for 18 months now after completing
```

1   Stepping Stone, I am gainfully employed.  I obtained my own
2   apartment, which I still maintain, and I have continued with
3   outpatient treatment at Gosnil and successfully completed that
4   program.
11:18 5         Although my sobriety was a struggle to obtain with
6   fear and anxiety, with the compassion of the magistrate court
7   and Probation, I worked cooperatively with my support groups
8   and I found the strength and courage to move forward in
9   continued pursuit of my sobriety.
11:18 10        Additionally during this time I volunteered at the
11  Allston Brighton Congregational Church using my trade schools
12  to assist me to maintain the church and spend every Wednesday
13  providing hot meals to the hungry and every other Saturday
14  working in the food pantry, and I will continue with this upon
11:18 15  release.
16        The last 6 months of incarceration have been the
17  longest period of time I've been in jail.  During this time
18  I've had to come to understand the harm my actions can have on
19  those in the community and as many of the inmates around me are
11:19 20  incarcerated due to drug addiction.  I recognize how my actions
21  make recovery more difficult for people.  I fully comprehend
22  that a relapse will only end up in my re-incarceration and
23  early death.
24        Throughout this experience I have recognized my life
11:19 25  has value, purpose and meaning.  I stand before you humbly

|||
|---|---|
| 1 | accepting my full responsibility for my actions.  My hope is |
| 2 | this Court finds willingness -- worthiness in my return to |
| 3 | society where I can take experience and use what I have learned |
| 4 | to help prevent others from being incarcerated. |
| 11:20  5 | Thank you. |
| 6 | THE COURT:  Thank you, Mr. Klotz. |
| 7 | Do counsel know of any reason why sentence ought not |
| 8 | to be imposed at this time? |
| 9 | MS. PORTER:  No, your Honor. |
| 11:20  10 | MR. GARRITY:  No, your Honor. |
| 11 | THE COURT:  Please stand, Mr. Klotz.  Before I impose |
| 12 | sentence, I will respond to your elocution, which is what we |
| 13 | call the statement made by defendants just before he or she is |
| 14 | sentenced. |
| 11:20  15 | I am encouraged by your sincere apology and remorse. |
| 16 | I think that's all to the good and I am also encouraged by your |
| 17 | efforts to make amends, which seem to be going forward, and I |
| 18 | hope and trust will continue going forward after you are |
| 19 | released.  Those are always very important to anybody in my |
| 11:20  20 | position about to sentence somebody for a crime committed. |
| 21 | Having said that, your crime of participating in a |
| 22 | conspiracy to distribute large quantities of methamphetamine as |
| 23 | part of a violent criminal enterprise over an extended period |
| 24 | of time is not only egregious but also almost certainly caused |
| 11:21  25 | untold pain and suffering to vulnerable drug addicts, as you |

```
 1  well know as a recovering drug addict yourself.
 2          I don't understand how the idea that because the
 3  methamphetamine now is so much more dangerous and powerful than
 4  it was before, as recognized by the authors of the Sentencing
 5  Guidelines, that I ought to somehow lower the sentence or take
 6  into account the fact that you should be punished for
 7  distributing a lesser potent drug.
 8          The worst drug and the worst danger it is to the
 9  public, the more severe the sentence is going to be.  That
10  makes sense to me and it doesn't make sense that just because
11  today, 10 years later, the meth that's on the street is ten
12  times or whatever number of times more dangerous than it was
13  before that I ought to somehow modify the sentences that are
14  imposed against people who distribute this awful drug.  I'm not
15  going to do that.  This sort of drug trafficking is a plague on
16  our society.  The only way to stop it is to send the
17  perpetrators to jail long enough to impress upon them and to
18  those who would do likewise that it is not worth it.
19          But for the fact that you were a minimal participant
20  in this crime, which is clearly reflected in the guideline
21  range that you face, you would be going to jail for 6 years or
22  more because dealing in this kind of deadly drug deserves
23  serious and long sentences to make everyone understand that, in
24  a civilized society, we are not going to tolerate such
25  despicable crimes.
```

```
 1            Pursuant to the Sentencing Reform Act of 1984 and
 2   having considered the sentencing factors enumerated in Title 18
 3   of the United States Code, Section 3553(a), it is the Judgement
 4   of this Court that you, Edison Klotz, are hereby committed to
 5   the custody of the Bureau of Prisons, to be imprisoned for a
 6   term of 46 months.  This term consists of 46 months on
 7   superseding Counts One and Two, to be served concurrently.
 8            The Court recommends participation in the Bureau of
 9   Prisons Residential Drug Abuse Program due to your substance
10   use history and based on an informal prescreening performed by
11   the Probation Office.
12            Additionally, the Court makes a judicial
13   recommendation that you participate in the Probation Office's
14   CARE program during the term of supervised release if deemed to
15   be an appropriate candidate.
16            Upon release from imprisonment, you shall be placed on
17   supervised release for a term of 2 years on each count, such
18   terms to run concurrently.
19            Within 72 hours of release of custody from the Bureau
20   of Prisons, you shall report in person to the district to which
21   you are released.
22            No fine is imposed as it is deemed you do not have the
23   financial ability to pay a fine.
24            While under the Probation Office's supervision, you
25   are to comply with the following terms and conditions:  First,
```

```
 1    you shall not commit another federal, state or local crime.
 2    Second, you must not unlawfully possess a controlled substance.
 3    You must refrain from any unlawful use of a controlled
 4    substance and you must submit to one drug test within 15 days
 5    of release from imprisonment and at least two periodic drug
 6    tests thereafter, not to exceed 50 tests per year.  You are to
 7    cooperate in the collection of a DNA sample as directed by the
 8    Probation Office, and you are to comply with the standard
 9    conditions that have been adopted by this Court and are
10    described in the Sentencing Guidelines at Section 5D1.3(c),
11    which will be set forth in detail in the Judgment and
12    Committal.
13         The following special conditions apply during your
14    supervised release:  You are to submit to substance use
15    testing, not to exceed 50 drug tests per year, to determine if
16    you have used a prohibited substance.  You must not attempt to
17    obstruct or tamper with the testing methods and you must
18    participate in a mental health treatment program as directed by
19    the Probation Office.
20         You are required to contribute to the costs of
21    evaluation, treatment, programming and/or monitoring of the
22    prior imposed condition based upon your ability to pay or
23    availability of third-party payment.
24         It is further ordered that you shall pay to the United
25    States a Special Assessment of $200, which shall be due and
```

```
         1   payable immediately.
         2           Mr. Klotz, you have a right to appeal this sentence.
         3   If you choose to appeal, you must do so within 14 days.  If you
         4   cannot afford an attorney, an attorney will be appointed on
11:26    5   your behalf.
         6           Do you understand that?
         7           THE DEFENDANT:  I do.
         8           THE COURT:  Is there any further business then to come
         9   before the Court in these proceedings?  Miss Porter?
11:26   10           MS. PORTER:  No, your Honor.
        11           THE COURT:  Mr. Garrity?
        12           MR. GARRITY:  No, your Honor.  Thank you.
        13           THE COURT:  We are adjourned.
        14           THE CLERK:  All rise.  The defendant is remanded.
11:26   15           (The Honorable Court exited.)
        16           (Adjourned, 11:26 a.m.)
        17
        18
        19
        20
        21
        22
        23
        24
        25
```

C E R T I F I C A T E

UNITED STATES DISTRICT COURT )

DISTRICT OF MASSACHUSETTS     )

I, Kristin M. Kelley, certify that the foregoing is a correct transcript from the record of proceedings taken September 16, 2024 in the above-entitled matter to the best of my skill and ability.

/s/ Kristin M. Kelley          February 10, 2025

Kristin M. Kelley, RPR, CRR         Date
Official Court Reporter