```
 1                   UNITED STATES DISTRICT COURT
                       DISTRICT OF MASSACHUSETTS
 2

 3    UNITED STATES OF AMERICA,          )
                                         )
 4                       Plaintiff       )
                                         )   No. 1:21-cr-10208-NMG
 5    vs.                                )
                                         )
 6    RESHAT ALKAYISI, et al.,           )
                                         )
 7                       Defendants.     )
                                         )
 8                                       )
                                         )
 9

10

11           BEFORE THE HONORABLE NATHANIEL M. GORTON
                   UNITED STATES DISTRICT JUDGE
12                  Initial Pretrial Conference

13

14

15            John Joseph Moakley United States Courthouse
16                        Courtroom No. 4
                         One Courthouse Way
17                   Boston, Massachusetts 02210

18
                         December 6, 2022
19                          4:01 p.m.

20

21
                   Kristin M. Kelley, RPR, CRR
22                    Official Court Reporter
             John Joseph Moakley United States Courthouse
23                 One Courthouse Way, Room 3209
                     Boston, Massachusetts 02210
24                   E-mail: kmob929@gmail.com

25         Mechanical Steno - Computer-Aided Transcript
```

1   APPEARANCES:

2

3          Alathea E. Porter
           United States Attorney's Office MA
4          1 Courthouse Way
           Suite 9200
5          Boston, MA 02210
           617-748-3318
6          alathea.porter@usdoj.gov
           for Plaintiff.

7

8          Stanley W. Norkunas
           Stanley W. Norkunas, Esquire
9          150 Westford Road
           Unit 26
10         Tyngsborough, MA 01879
           978-454-7465
11         attyswn@msn.com
           for Emil Dzabiev.

12

13         Jean C. LaRoque
           Shea & LaRocque LLP
14         88 Broad Street
           Suite 101
15         Boston, MA 02110
           617-577-8722
16         markwshea@gmail.com
           for Reshat Alkayisi.

17

18         Adam Matthew Koppekin
           Bledstein & Koppekin, LLP
19         15915 Ventura Blvd Suite 203
           Encino, CA 91436
20         818-995-0801
           bklaw@bklaw.la
21         for Noah Tavella.

22

23

24

25

```
 1    APPEARANCES:

 2

 3            James B. Krasnoo
              Krasnoo, Klehm & Falkner LLP
 4            28 Andover Street, Suite 240
              Andover, MA 01810
 5            978-475-9955
              jkrasnoo@kkf-attorneys.com
 6            for Brian Keleman.

 7
              Carlos Jorge Dominguez
 8            4th Floor, Suite 400
              90 Canal Street
 9            Boston, MA 02114
              617-742-2824
10            dmngzcarlos@aol.com
              for Eric Daneault.

11

12            Charles J. Keefe
              Wilson, Bush & Keefe, P.C.
13            378 Main Street
              Nashua, NH 03060
14            603-595-0007
              keefe@wbdklaw.com
15            for Andre Watson.

16

17            Paul J. Garrity
              14 Londonderry Road
              Londonderry, NH 03053
18            603-434-4106
              garritylaw@myfairpoint.net
19            for Edison Klotz.

20

21            James J. Cipoletta
              Town Attorney
              Suite 307
22            Winthrop Town Hall
              1 Metcalf Square
23            Winthrop, MA 02152
              617-846-1852
24            jcipoletta@winthropma.gov
              for Patrick O'Hearn.

25
```

1    APPEARANCES:

2

3            John S. Day
         Day Law Firm, P.C.
         99 Derby Street
4        Suite 200
         Hingham, MA 02043
5        781-789-3001
         jday@daylaw.com
6        for Christina Lua.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

|     |                                                                              |
|-----|------------------------------------------------------------------------------|
| 1   | P R O C E E D I N G S                                                        |
| 2   | THE CLERK:  This is Criminal Action No. 21-10208, the                        |
| 3   | United States of America versus Reshat Alkayisi, et al.                      |
| 4   | Would counsel please introduce themselves for the                           |
| 5   | record.                                                                      |
| 6   | MS. PORTER:  Good afternoon, your Honor.  Alathea                            |
| 7   | Porter on behalf of the United States.                                       |
| 8   | THE COURT:  Ms. Porter, good afternoon to you.                               |
| 9   | MR. KOPPEKIN:  Good afternoon, your Honor.  Adam                             |
| 10  | Koppekin on behalf of Mr. Tavella.  He's seated to my left.                  |
| 11  | THE COURT:  Mr. Koppekin, good afternoon to you.                             |
| 12  | MR. KRASNOO:  Good afternoon, your Honor.  James                             |
| 13  | Krasnoo on behalf of Brian Keleman, who's present by Zoom.                   |
| 14  | THE COURT:  Mr. Krasnoo, good afternoon to you.                              |
| 15  | MR. GARRITY:  Good afternoon.  Paul Garrity for Edison                       |
| 16  | Klotz.                                                                        |
| 17  | THE COURT:  Mr. Garrity for Mr. Klotz, yes.                                  |
| 18  | MR. NORKUNAS:  Stanley Norkunas for Emil Dzabiev.                            |
| 19  | THE COURT:  Mr. Norkunas for Mr. Dzabiev.  Is that how                       |
| 20  | you pronounce it?                                                            |
| 21  | MR. NORKUNAS:  You don't pronounce the D.                                     |
| 22  | THE COURT:  Thank you.                                                        |
| 23  | MR. CIPOLETTA:  James Cipoletta on behalf of Patrick                          |
| 24  | O'Hearn.                                                                      |
| 25  | THE COURT:  Mr. Cipoletta, good afternoon to you.                            |

04:01 (line 10)
04:01 (line 20)

1          MR. DAY:  Good afternoon, your Honor.  John Day on

2     behalf of Christina Lua.  She may be on the second page toward

3     the bottom of the list.

4          THE COURT:  Mr. Day for Ms. Lua, good afternoon to

5     you.

6          MR. DOMINGUEZ:  Good afternoon, your Honor.  Carlos

7     Dominguez on behalf of Eric Daneault.

8          THE COURT:  Mr. Dominguez, good afternoon to you.

9          MR. KEEFE:  Good afternoon, your Honor.  Charles Keefe

04:01 10     on behalf of Andre Watson.

11          THE COURT:  Mr. Keefe, good afternoon to you.

12          MS. LAROQUE:  Jean LaRoque.  I'm standing in for

13     Attorney Mark Shea on behalf of Reshat Alkayisi.

14          THE COURT:  And Ms. LaRoque for Mr. Alkayisi.  All

15     right.  Would you speak one more time because I'm trying to

16     find you on the screen?

17          MS. LAROQUE:  Okay.

18          THE COURT:  Okay.  You're in what I call C1.  Trying

19     to keep track of everybody.  All right.

04:01 20          We're here on an initial pretrial conference.  Is the

21     government ready for trial, Ms. Porter?

22          MS. PORTER:  Your Honor, I believe, after some

23     discussion with counsel, that we're looking for a trial date

24     that is into the next year, probably into the summer of next

25     year based on a number of factors, one of which being

1    electronically searched data, laptops, cellphones, which were

2    seized from Mr. Alkayisi's property, there's a lot of data that

3    Mr. Alkayisi and his counsel would like to go through.  So I

4    believe based on that, as well as some issues that Mr. Keleman

5    has, that we are looking for a trial date probably starting in

6    the summertime, I would say, would be the earliest possible

7    that the parties would be prepared for trial.

8         THE COURT:  What is the approximate length of this

9    trial?  Ms. Porter?

04:01 10         MS. PORTER:  Your Honor, the current state with the

11    remaining nine defendants left in the case, I would say it

12    would likely last two to three weeks.  However, I think it is

13    unlikely that all nine remaining defendants will still be in

14    the case at the time of trial.  The government has engaged in

15    potential discussions about pretrial resolution with a number

16    of the defendants.  So I do not envision those all here today

17    will actually be there for the trial.  However, I think even

18    given the handful that I think likely are to go to trial,

19    realistically I would say the Court should schedule at least

04:01 20    two weeks.

21         THE COURT:  All right.  Do any of defense counsel wish

22    to add anything with respect to the prospects of this trial or

23    the length?  We have, I believe, nine counsel here.  Anybody

24    wish to add anything?

25         MR. KRASNOO:  Yes, your Honor.  James Krasnoo on

```
 1    behalf of Mr. Keleman.
 2            THE COURT:  Mr. Krasnoo, yes.
 3            MR. KRASNOO:  Mr. Keleman has been ill and admitted to
 4    the hospital four times.  They involve, chiefly, breathing and
 5    heart issues.  He's currently on some medication that seems to
 6    be working for the last couple of months to keep him stable,
 7    but I have asked him to check with his doctor to find out
 8    whether or not physically he can withstand the rigors of a
 9    two-week trial.
10            So if your Honor is going to set some date in June, I
11    would suggest we monitor him at least until April and see
12    whether or not he has no medical issue that requires
13    hospitalization.  And if so, I would then ask to check with his
14    doctor and make sure that he can withstand the rigors of a two
15    week trial.
16            I'm assuming by then Ms. Porter will have secured some
17    pleas from some of the remaining defendants, cutting it down
18    from nine to perhaps four or five.  I think he needs to be
19    checked out that way.  I have read some of his medical records
20    and he has been in some danger requiring hospitalization,
21    extensive.  Some of them were just overnights more recently,
22    but there were some that required him to be a week in the
23    hospital with active treatment.
24            THE COURT:  All right.  Well, the Court will take note
25    of that.  However, if we do set a trial and if there are
```

1    multiple defendants left to go to trial, we will not

2    necessarily postpone the entire trial on behalf of Mr. Keleman

3    but rather go forward with the defendants who are available.

4         Why don't we pick out a date, Christine, in June.

5         MR. GARRITY:  I'm sorry, Judge.  On behalf of Edison

6    Klotz, I expect my client will be most likely entering a plea,

7    but if it does go foward to trial, I currently have a June 5

8    jury selection in trial with Judge Sorokin on a multi-defendant

9    case, and on June 20 I've got -- and my client in that case is

04:01 10    detained in state court.  I've got a June 20 rape case.  I know

11    that one is going forward to trial.

12         THE COURT:  All right.  At least at this time, you

13    mentioned you think it would be likely a plea or not?

14         MR. GARRITY:  I believe so, Judge.  I believe it's

15    heading that way.  It hasn't been confirmed as of yet, but I

16    believe it's heading that way.

17         THE COURT:  All right.  Well, I'm going to schedule a

18    trial for June, notwithstanding that your client may or may not

19    be able to go forward at that time.  Let's see what we have in

04:01 20    June, Christine.

21         THE CLERK:  Yes, Judge.  We could do, I would say at

22    the current moment June 5 or June 12 look like good options for

23    setting a trial date.

24         THE COURT:  Let's pick the earlier one because we may

25    have to postpone and you can never go the other direction.  So

1   it will be June 5.

2           MR. DOMINGUEZ:  Your Honor, if I may, Carlos

3   Dominguez.  I have a scheduled trial in June 5 with Judge

4   Sorokin.  Whether that goes forward with my guy, it's uncertain

5   at this point.  It's an eight person, similar to this, eight

6   person co-defendant case.

7           THE COURT:  It's the same one that Mr. Garrity

8   mentioned, right?

9           MR. GARRITY:  I believe so, yes, your Honor.

04:01 10           THE COURT:  Is your client detained, Mr. Dominguez?

11           MR. DOMINGUEZ:  He is.

12           THE COURT:  Anybody else have a conflict with June 5?

13           Mr. Dominguez, that trial is expected to last how

14   long?

15           MR. DOMINGUEZ:  I believe close to two weeks as well.

16           MR. KRASNOO:  I should add into that, your Honor, my

17   client has offered a plea before Judge Sorokin.  He's actually

18   engaged in the process of the presentence interview.  In the

19   event Judge Sorokin does not accept the plea, I think I'm

04:01 20   joining them for a trial June 5.  Do I think that's likely to

21   happen at all, the answer is no, but I point it out in an

22   excess of caution.

23           THE COURT:  All right.  With that in mind, I'm going

24   to delay the trial for one week.  June 12 will be the

25   empanelment date of this trial.

1          Working backwards from that, we will want in limine

2    motions, if at all, four weeks in advance of trial.  I expect

3    that would be the 15th of May if my dates are correct.  The

4    22nd of May, responses to in limine motions.

5          Three weeks before trial I will want list of witnesses

6    and exhibits from all parties on that date, three weeks ahead

7    of trial.  Objections thereto by the 29th -- or that's going to

8    be a holiday.  We'll call it the 30th of May, two weeks before

9    trial.

04:01 10          On that date, I will want proposed requests for

11    instructions to the jury, which of course can be supplemented

12    during the course of trial, a verdict form and voir dire

13    questions for the jury panel.

14          I believe those are all the variables I need to cover

15    with respect to planning for a large criminal jury trial.  Is

16    there anything else that needs to come to the Court's attention

17    with respect to scheduling this case?  Counsel?

18          MS. PORTER:  Yes, your Honor.  I'm not sure whether or

19    not any of the defendants intend to file any motions to

04:01 20    suppress, but there has not yet been a date set by the Court to

21    file any such motions.

22          THE COURT:  That should be well in advance.  What do

23    you suggest, Ms. Porter?

24          MS. PORTER:  I haven't spoken with anybody to know

25    whether or not they intend to file any, but I would imagine we

1   would want that well in advance of the dates for filing any

2   motions in limine.  So I would propose maybe a filing deadline

3   maybe some time in early February.

4           THE COURT:  That's fine.  February.

5           Christine, pick us out a Friday in February.

6           THE CLERK:  Yes, Judge.  How about Friday, February 3?

7           THE COURT:  Friday, February 3 for motions to suppress

8   with responses two weeks later by the 17th of February.  So we

9   will have resolution to any of those preliminary motions well

04:01 10   in advance.

11           Anything else?

12           MS. LAROQUE:  Attorney Shea has filed a motion for

13   cooperating witness identification.  I think he's still working

14   with the U.S. Attorney's office about that.  He has a draft of

15   a memorandum but he hasn't filed it yet.

16           THE COURT:  A motion for what?

17           MS. LAROQUE:  Identification of cooperating witnesses

18   or witness.

19           THE COURT:  Okay.  So he's going to file that

04:01 20   relatively promptly and that matter will be at issue well in

21   advance of any of these dates, right?

22           MS. LAROQUE:  Yes.

23           THE COURT:  Okay.  All right.

24           MR. KRASNOO:  Your Honor, I'm aware of Mr. Shea's

25   intended filing.  I have discussed it with him.  I would be

1  joining his motion.  He's taking the lead in that but I'd

2  probably be joining his motion as well.

3          THE COURT:  Okay.  I need a motion to exclude all time

4  under the Speedy Trial Act in the interest of justice, and that

5  will be all time between today's date and the trial date, which

6  is June 12 of 2023.  It needs to be joined in by all defendants

7  and the government.  Who proposes to file such a motion?

8          MS. PORTER:  Your Honor, I will file such a motion.

9          THE COURT:  All right.  Ms. Porter will file it.  It

04:01 10  will be joined in by all nine defendants.  Am I correct?  Just

11  let me know if I'm not correct so we don't have to go through

12  all.  Anybody who does not agree with that?

13          Hearing no objections, I will get a motion from the

14  government, joined in by all nine defendants, to exclude the

15  time under the Speedy Trial Act.

16          Is there anything else that needs to come to the

17  Court's attention at this stage?

18          MS. PORTER:  Not from the government, your Honor.

19          THE COURT:  From any of the defendants?  All right.

04:01 20  Thank you, counsel.  We are adjourned.

21          (Adjourned, 4:01 p.m.)

22

23

24

25

1                    C E R T I F I C A T E

2

3

4    UNITED STATES DISTRICT COURT )

5    DISTRICT OF MASSACHUSETTS    )

6

7

8            I, Kristin M. Kelley, certify that the foregoing is a

9    correct transcript from the record of proceedings taken

10   December 6, 2022 in the above-entitled matter to the best of my

11   skill and ability.

12

13

14       /s/ Kristin M. Kelley              September 4, 2025

15       Kristin M. Kelley, RPR, CRR              Date
         Official Court Reporter
16

17

18

19

20

21

22

23

24

25